UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BRANDON JAMES RUBIO,

                Petitioner,

    v.

KING COUNTY SUPERIOR COURT,

                Respondent.

Case No. C18-0612-JLR-MAT

REPORT AND RECOMMENDATION

INTRODUCTION AND SUMMARY CONCLUSION

       Petitioner Brandon Rubio is a state prisoner who is currently confined at the Clallam Bay Corrections Center in Clallam Bay, Washington.  He has filed a petition for federal habeas relief under 28 U.S.C. § 2254 seeking to challenge the revocation of a DOSA sentence originally imposed by the King County Superior Court in 2016, and the deprivation of good time credits for failing to program while in Washington Department of Corrections custody.  (*See* Dkt. 8.)  The petition has not been served on respondent.  Following a careful review of the petition, and the balance of the record, this Court concludes that petitioner's federal habeas petition should be dismissed without prejudice for failure to exhaust state court remedies.

/ / /

REPORT AND RECOMMENDATION
PAGE - 1

## DISCUSSION

Petitioner identified seven grounds for federal habeas relief in his petition. However, he did not indicate in his petition that he had presented any of his federal habeas claims to the state courts for review. Because it appeared from the face of the petition that petitioner's claims were unexhausted and therefore ineligible for federal habeas review, this Court, on June 6, 2018, issued an Order directing petitioner to show cause within 30 days why his petition should not be dismissed. (Dkt. 9.) To date, petitioner has filed no response to the Order to Show Cause.

As petitioner was advised in the Order to Show Cause, a state prisoner is required to exhaust all available state court remedies before seeking a federal writ of habeas corpus. 28 U.S.C. § 2254(b)(1). The exhaustion requirement is a matter of comity, intended to afford the state courts "an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971)(internal quotation marks and citations omitted). In order to provide the state courts with the requisite "opportunity" to consider his federal claims, a prisoner must "fairly present" his claims to each appropriate state court for review, including a state supreme court with powers of discretionary review. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citing *Duncan v. Henry*, 513 U.S. 364, 365 (1995), and *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)). Because petitioner makes no showing that he has presented any of his federal habeas claims to the state courts for review, this Court concludes that petitioner's claims are unexhausted and are therefore ineligible for federal habeas review.

## CONCLUSION

For the foregoing reasons, this Court recommends that petitioner's federal habeas petition and this action be dismissed without prejudice. A petitioner seeking post-conviction relief under § 2254 may appeal a district court's dismissal of his federal habeas petition only after obtaining a

REPORT AND RECOMMENDATION
PAGE - 2

certificate of appealability (COA) from a district or circuit judge.  A certificate of appealability may issue only where a petitioner has made "a substantial showing of the denial of a constitutional right."  *See* 28 U.S.C. § 2253(c)(3).  A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).  Under the above standard, this Court concludes that petitioner is not entitled to a certificate of appealability in this matter.  This Court therefore recommends that a certificate of appealability be denied.  A proposed order accompanies this Report and Recommendation.

<u>DEADLINE FOR OBJECTIONS</u>

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed.  Failure to file objections within the specified time may affect your right to appeal.  Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed.  Responses to objections may be filed within **fourteen (14) days** after service of objections.  If no timely objections are filed, the matter will be ready for consideration by the District Judge on **<u>August 10, 2018</u>**.

DATED this <u>19th</u> day of July, 2018.

Mary Alice Theiler
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE - 3